**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:      December 28, 2020
Date Submitted:   September 28, 2020

Tasha Marie Stevens, Esquire
Fuqua, Willard, Stevens & Schab, P.A.
26 The Circle
P.O. Box 250
Georgetown, DE 19947

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road, Suite 240
Hockessin, Delaware 19707

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 North King Street, Stuie 303
P.O. Box 1674
Wilmington, Delaware 19899-1674

Re:   *Eric and Suzayn Mooney v. Geriatric Services of Delaware, Inc., et al.*
       C.A. No. 2020-0086 PWG

Dear Counsel:

This case involves claims for breach of contract and the breach of covenant of good faith and fair dealing between a buyer and seller for the sale of real property. In this action, the buyer seeks specific performance to enforce the

contract for the sale of the property, and include the new buyer of the property (now the record owner of the property) as a defendant and indispensable party in this action. Pending before me is the new buyer's motion seeking its dismissal from the action based on failure to state a claim. I recommend the Court deny the motion to dismiss. This is my final report.

## I.    Background

Geriatric Services of Delaware, Inc. ("Seller") was the owner of property located at 205 E. Market Street, Georgetown, Delaware ("Property").[1] Seller offered the Property for sale and, on January 2, 2020, Eric and Suzayn Mooney ("Buyers") executed an electronically signed written offer to purchase the Property for $150,000.00 cash, which was accepted by Seller on January 12, 2020.[2] Pursuant to the Agreement of Sale ("Agreement"), Buyers were to pay a $5,000.00 deposit by January 16, 2020 and the date of settlement was February 14, 2020.[3] The deposit was not paid by January 16, 2020.[4] There were on-going communications following that date between Seller's and Buyers' agents regarding

---

[1] Docket Item ("D.I.") 21, ¶ 4.

[2] *Id.*, Ex. B. Seller electronically signed the Agreement of Sale on January 12, 2020. *Id.*, Ex. B, ¶ 13.

[3] *Id.*, Ex. B, ¶¶ 3, 7.

[4] D.I. 21, ¶ 20.

the deposit, which was allegedly mailed to Seller's agent on January 23, 2020.[5]

Also, related to the home inspection contingency in the Agreement, Buyers' agent emailed a list of repairs that Buyers requested Seller make, on January 23, 2020.[6] Later that day, Seller's agent responded by email that Seller refused to make any repairs and asked "[p]lease let me know how your buyers would like to proceed."[7] On January 26, 2020, Seller notified Buyers that it had declared "the contract null and void as the buyers have not provided the required deposit per the contract date."[8] Buyers allege Seller entered into a sale contract for the Property with Defendant Tana Realty, LLC ("Tana") on January 27, 2020.[9] On January 30, 2020, Buyers' agent confirmed that Buyers intended to perform under the

---

[5] On January 21, 2020, the Seller's realtor, Jeff Eckerson ("Eckerson"), emailed Buyers' broker, Skip Faust ("Faust"), and stated that he had "just realized that the deposit check for [the Property] had not been received yet and wanted to see how the inspections went. Please advise on when the check was sent." *Id.*, Ex. C. Eckerson sent a follow-up email on January 22, 2020 to confirm that Faust had received the email about the deposit, and stated that "we still haven't received [the deposit]. Please let me know that you have received this email and let me know the status." *Id.*, Ex. D. Later that day, Faust sent a reply email stating that the delay was "totally due to [his] negligence" and "reiterated [Buyers'] obligation to deliver the deposit check ASAP." *Id.*, Ex. E. On January 23, 2020, Faust's assistant emailed Eckerson with an "attached copy of the second [sic] deposit for [the Property]" and noted that he had "placed [the check] in the mail." *Id.*, Ex. F.

[6] D.I. 21, Ex. G.

[7] *Id.*, Ex. H.

[8] *Id.*, Ex. J. Eckerson's January 26, 2020 email also asked Faust to have Buyers sign an "Addendum/Endorsement to Agreement of Sale," executed by Seller on January 25, 2020, which declared the contract "null and void because the deposit that was due 1/16/2020 has not been received as of 1/25/2020." *Id.*, Ex. J, Ex. I.

Agreement, accept Seller's unwillingness to make repairs, and release the home inspection contingency.[10] On February 3, 2020, Seller's agent responded by email that the Agreement has a time is of the essence clause and Seller has "moved on."[11]

On February 12, 2020, Buyers filed a complaint against Seller claiming breach of contract and breach of the covenant of good faith and fair dealing and seeking specific performance, attorneys' fees and costs and punitive damages.[12] On February 13, 2020 at 12:48 P.M., Buyers recorded a notice of *lis pendens* with the Sussex County Recorder of Deeds, to put any potential buyers of the Property on notice that there was a pending litigation.[13] Also on February 13, 2020, Seller signed the deed ("Tana Deed") conveying the Property to Tana.[14] Buyers filed an amended complaint on February 24, 2020.[15] The Tana Deed was recorded on March 4, 2020.[16] The next day, Seller filed its answer and counterclaim, in which it asks for the dismissal of Buyers' complaint because Buyers breached the Agreement by failing to pay the deposit as contractually required, and for

---

[9] *Id.*, ¶ 32.

[10] D.I. 21, Ex. L.

[11] *Id.*, Ex. M.

[12] D.I. 1.

[13] D.I. 4, Ex. A.

[14] D.I. 18, Ex. B.

[15] The amended complaint added Generations Home Care, Inc. as a defendant, alleging it "owns, controls, does business as or is a successor in interest" of Seller. D.I. 6, ¶ 5.

attorneys' fees and costs.[17]  In their March 27, 2020 answer to the counterclaim, Buyers admitted their failure to pay the deposit on time, but denied that such breach was material.[18]

On June 24, 2020, Buyers filed a motion to join Tana as an indispensable party "because it is the record owner of the real property that is the subject of this litigation."[19]  This Court granted Buyers' motion to join Tana as an indispensable party on July 16, 2020.[20]  Buyers filed their second amended verified complaint ("Complaint"), on July 20, 2020, which added Tana as an indispensable party and defendant, and sought to cancel the contract between Tana and Seller, divest Tana of its ownership interest in the Property, and enforce the Agreement.[21]

On August 31, 2020, Tana filed a motion to dismiss ("Motion") for failure to state a claim under Court of Chancery Rules 8(a) and 12(b)(6).[22]  Buyer's September 11, 2020 response to the Motion argues that Tana, as the record owner of the Property, is an "indispensable party to the specific performance claim" and that "in its absence complete relief cannot be accorded among the parties as such

---

[16] D.I. 18, Ex. B.

[17] D.I. 9.

[18] D.I. 12, ¶ 66.

[19] D.I. 18, ¶ 7.

[20] D.I. 20.

[21] D.I. 21.

[22] D.I. 25.

relief may include divesting its interest in the property."[23]  Tana replied, on September 28, 2020, arguing that the Motion fails to state a claim against Tana, which is an "innocent third-party purchaser for value," so Buyers' only claim is for money damages.[24]

## II.    Analysis

### A. Should this action be dismissed against Tana for failure to state a claim for relief?

Rule 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the party deems itself entitled."[25]   "Under this Rule's liberal pleading standard, '[a] complaint need only give general notice of the claim asserted and will not be dismissed unless it is clearly without merit, either as a matter of law or fact.'"[26]

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be denied 'unless it can be determined with reasonable certainty that the plaintiff

---

[23] D.I. 26, ¶¶ 6, 9.

[24] D.I. 27, ¶ 10.

[25] Ct. Ch. R. 8(a).

[26] *N.K.S. Distributors, Inc. v. Tigani*, 2010 WL 2178520, at *4 (Del. Ch. May 28, 2010) (citations omitted).

could not prevail on any set of facts reasonably inferable' from the pleadings.'"[27] The facts for purposes of a motion to dismiss under Rule 12(b)(6) are drawn from the complaint and all well-pled allegations in the complaint are assumed to be true, with the plaintiff receiving the benefit of all reasonable inferences.[28]

With these standards in mind, I turn to the Motion, in which Tana argues the Complaint fails to meet pleading standards under Rules 8(a) and 12(b)(6) because it "does not bring any cause of action against Tana" and "fails to assert why [Tana] should be involved in this action at all."[29]  Tana further contends that the "failure to assert even the most rudimentary facts and any specific cause of action against [Tana] is fatal to [Buyers'] cause."[30]

To satisfy the Rule 8(a) standard, Buyers need only give Tana general notice of the claim asserted against it, which is a low threshold to meet.[31]  And, to survive dismissal under Rule 12(b)(6), the Complaint must include factual allegations, which if true, state a claim upon which relief can be granted.[32]  The Complaint

---

[27] *N.K.S. Distributors, Inc.*, 2010 WL 2178520, at *4 (citations omitted); *see also VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).

[28] *See In re Gen. Motors (Hughes) S'Holder Litig.*, 897 A.2d 162, 168 (Del. 2006); *VLIW Tech., LLC*, 840 A.2d at 611; *Malpiede v. Townson*, 780 A.2d 1075, 1082-83 (Del. 2001); *Orman v. Cullman,* 794 A.2d 5, 15 (Del. Ch. Mar. 1, 2002).

[29] D.I. 25, ¶¶ 4, 5.

[30] *Id.,* ¶ 11.

[31] *See, e.g., Hindlin v. Gottwald*, 2020 WL 4206570, at *3 (Del. Ch. July 22, 2020).

[32] *See VLIW Tech., LLC*, 840 A.2d at 611.

alleges that Tana became an indispensable party as soon as it became the "record owner of the subject property."[33] Additionally, in their prayer for relief, Buyers seek to divest Tana of its interest in the property, so that Buyers can enforce their contract with the Seller.[34] The Complaint puts Tana on notice that, if Buyers are successful in this action, Tana's interest in the Property, may be affected. I find that Buyers have sufficiently stated their cause of action, putting Tana on notice of the claims asserted. Giving Buyers the benefit of all reasonable inferences, they have met their burden under Rules 8(a) and 12(b)(6).

### B. Is Tana an indispensable party to this action?

Next, I consider whether Tana is an indispensable party to this action such that its joinder is required.[35] Court of Chancery Rule 19 provides for the joinder of persons needed for adjudication.[36] Under Rule 19(a), the Court determines whether an absent person should be party to the litigation because they have an interest in the subject of the action which, if they are not included, will mean that complete relief cannot be achieved, or that disposition in the case will injure their rights or subject them to substantial risk of multiple or inconsistent obligations

---

[33] D.I. 21, ¶ 32.

[34] *Id.,* at 10.

[35] On July 16, 2020, this Court ordered Tana joined as an indispensable party, but I will address this issue in more detail since it is a matter under dispute in Tana's motion. *See* D.I. 20.

[36] Ct. Ch. R. 19.

related to that interest.[37] Necessary parties must "not only have an interest in some part of the controversy but the interest must be such that a final decree cannot be made" without them.[38]

Prior Delaware cases involving zoning disputes have held that a property owner whose real property is directly affected by the subject matter of an action should be joined as a party to the litigation.[39] Although these cases are distinguishable from this case because they involve government action related to real property, they are based on a principle that also applies here – if property owners' interests in property may be injured by the action, they are indispensable parties to the litigation.

---

[37] *Id.*

[38] *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC,* 922 A.2d 417, 436 (Del. Ch. Apr. 27, 2007) (citations omitted).

[39] *See, e.g., Allmaras v. Bd. of Adjustment of Sussex Cty.,* 238 A.3d 142 (Del. 2020) (holding that a property owner is an indispensable party to an appeal from a board of adjustment decision affecting their property); *CCS Inv'rs, LLC v. Brown,* 977 A.2d 301, 323 (Del. 2009), *as corrected* (Aug. 10, 2009); *Council of Civic Organizations of Brandywine Hundred, Inc. v. New Castle Cty.,* 1991 WL 279374, at *3 (Del. Ch. Dec. 26, 1991), *on reargument,* 1992 WL 24987 (Del. Ch. Feb. 11, 1992) (holding that a property owner should have been joined as a party because it has an interest relating to the subject of the action, the rezoning of its property at its request, and the disposition of the action without it, as a practical matter, may impair or impede its ability to protect that interest"); *Southern New Castle County Alliance, Inc. v. New Castle County Council*, 2001 WL 855434, at *1-3 (Del. Ch. July 20, 2001) (in an action challenging the approval of a record plan, the Court held that "the interests of the record owner and the equitable owner of property are not identical" and "the record owners of the property . . . are indispensable parties to this action").

Tana argues that, even if it "may be an indispensable party in this action," its motion to dismiss should be granted because it is an innocent third-party purchaser for value.[40]  Buyers respond that Tana is an indispensable party under Rule 19 because their requested relief – specific performance to enforce the Agreement and to void the contract between Tana and Seller, divesting Tana's interest – cannot be accorded without Tana.[41]  They also claim Tana's absence may impair or impede its own ability to protect its interest."[42]  Buyers rely on *Anguilla Re, LLC v. Lubert-Adler Real Estate Fund IV, LP*, which noted that:

> [S]pecific performance is an equitable cause of action, and runs with the land.  Obviously, a party cannot be compelled to purchase property from an undisclosed entity.  It would follow, therefore, that the present owner is an indispensable party to the specific performance claim under the rules of any Delaware trial court authorized to consider such a claim.[43]

I consider whether joinder is appropriate under Rule 19(a).  Here, joinder is appropriate because complete relief cannot be accorded without Tana.  Tana is an indispensable party because it is the record owner of the property at issue; if Buyers succeed in this litigation, Tana's interest in the property could be divested; and the specific performance that Buyers seek (to enforce the Agreement and to

---

[40] D.I. 27, ¶¶ 9, 10.

[41] D.I. 26, ¶¶ 9, 10.

[42] *Id.*, ¶ 9.

[43] 2012 WL 1408857, at *5, n. 23 (Del. Super. Mar. 28, 2012).

void the contract between Tana and the Seller) cannot be accomplished without Tana. Tana satisfies the requirements for an indispensable party under Rule 19(a).

I also address Tana's claim that as an innocent third-party purchaser, the case should be dismissed against it. In Tana's reply brief in support of its motion to dismiss, it makes the additional argument that it is the "quintessential innocent third-party purchaser for value, who took valid legal title that is unassailable by the [Buyers]."[44] It can be inferred that Tana believes, because it claims to be an innocent third-party purchaser, it cannot be held to be an indispensable party. A "bona fide purchaser is one who acquires legal title to property in good faith, for valuable consideration, and without notice of any other claim of interest in the party."[45] The bona fide purchaser rule "exists to protect innocent purchasers or property from competing equitable interests in the property."[46] However, it is unclear, at this juncture, whether Tana qualifies as a bona fide purchaser.[47] And,

---

[44] D.I. 27, ¶ 10.

[45] *Fletcher v. City of Wilmington UDAG,* 905 A.2d 746 (Del. 2006).

[46] *Id.*

[47] This action was filed on February 12, 2020 and Buyers recorded a notice of *lis pendens* on February 13, 2020 at 12:48 P.M. D.I. 1; D.I. 4, Ex. A. Under 25 *Del. C.* §1603, a person acquiring an interest in real property is on notice of the pendency of an action affecting that property "from the time of the recording of the notice," and "is bound by all proceedings taken in the action after [the] recording." Recording a *lis pendens* puts potential buyers of the Property on notice about pending litigation. The Tana Deed was signed by the Seller on February 13, 2020, but the timing of the actual transfer of the Property is unknown at this time. The Tana Deed was not recorded until March 4, 2020.

giving all reasonable inferences to Buyers, I cannot conclude, with reasonable certainty, that Buyers would not be entitled to specific performance to enforce the Agreement, which would divest Tana's interest in the Property, under any set of facts that could be proven to support the action. Accordingly, Tana is an indispensable party in this action – both because complete relief cannot be granted in this case in its absence, and to enable it to protect its interests in the Property.

## III.  Conclusion

Based upon the reasons set forth above, I recommend denial of Tana's motion to dismiss. This is a final report and exceptions may be taken under Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

---

*See* D. I. 18, Ex. B. Therefore, factual questions remain regarding the applicability of the *lis pendens* notice and whether Tana is a bona fide purchaser.